# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:02CR00025 |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL A. WADE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Kathleen Carnell, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Michael A. Wade, Pro Se Defendant.*

The defendant, Michael A. Wade, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), alleging that his sentence is illegal under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The United States moves to dismiss the § 2255 motion as untimely filed, and Wade has responded, making the matter ripe for disposition. After review of the record, I find that the Motion to Dismiss must be granted.

I

Wade was sentenced pursuant to a written Plea Agreement for possession with intent to distribute more than five grams of cocaine base. Under the then-

mandatory sentencing guidelines, I found him to be a Career Offender based upon three of Wade's prior convictions under North Carolina law. *See* U.S. Sentencing Guidelines Manual ("USSG") § 4A1.1(b) (2001). I sentenced Wade to 188 months in prison pursuant to Judgment entered on October 9, 2002. Wade did not appeal.

Wade signed and dated his § 2255 motion on October 24, 2011. Wade asserts that his Career Offender sentence is illegal in light of *Simmons*, because the prior convictions used to qualify him for the Career Offender enhancement do not meet the definition of a serious drug felony under the Guidelines (Claim 1); and counsel failed to file a notice of appeal (Claim 2).

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *Clay v.,United States*, 537 U.S. 522, 524-25, 532 (2003).

Because Wade did not appeal the judgment entered against him on October 9, 2002, his conviction became final on October 24, 2002, when his opportunity to appeal expired.[1] Wade then had one year – until October 24, 2003 – in which to file a timely § 2255 motion. Because Wade filed his § 2255 motion, at the earliest, on October 24, 2011,[2] his motion is untimely under § 2255(f)(1).

Wade argues that the court should calculate his one-year filing period under § 2255(f)(3), because he filed his § 2255 motion within one year of the decision in *Simmons*, which held that hypothetical aggravating factors cannot be considered when calculating whether a prior state conviction was punishable by more than one

---

[1] *See* Fed. R. App. P. 4(b)(1)(A) (former version, granting 10 days from judgment to file notice of appeal); Fed. R. App. P. 26(a) (former version, excluding weekend days and holidays from computation of time periods of 11 days or less and providing that a time period ending on a weekend day or holiday would conclude on next day that was not a weekend or holiday).

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Wade indicates that he signed his § 2255 motion and placed it in the prison mailing system on October 24, 2011.

year. The *Simmons* decision cannot trigger § 2255(f)(3), since this section by its own terms applies only to claims based on a right newly recognized by a United States Supreme Court decision. In *Simmons*, the Fourth Circuit applied a point of law stated in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). Wade cannot rely on the *Carachuri-Rosendo* decision to render his motion timely under § 2255(f)(3), however, because he did not file the motion within one year of that decision. Therefore, Wade fails to demonstrate that his § 2255 motion is timely under § 2255(f)(3).

Wade also argues that under *Simmons*, his prior North Carolina convictions cannot qualify as predicate offenses for the Career Offender guideline, which constitutes a "new fact" so as to make his § 2255 motion timely under § 2255(f)(4). This argument is unavailing.

A defendant bringing a collateral attack on his conviction or sentence under § 2255 is not entitled to relief under every new court ruling that relates to his case. "[W]ell-established legal rules — old rules — are applicable on collateral review, while new rules generally are not." *United States v. Powell*, 691 F.3d 554, 557 (4th Cir. 2012) (citing *Whorton v. Bockting*, 549 U.S. 406, 416 (2007)). Only two narrow categories of new rules apply to collateral review cases: (1) new substantive rules that alter the range of conduct or the class of persons that the law punishes, and (2) "watershed rules of criminal procedure implicating the

fundamental fairness and accuracy of the criminal proceeding." *Powell*, 691 F.3d at 558 (internal quotation marks and citation omitted). In *Powell*, the Fourth Circuit held that

> [b]ecause the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, . . . *Carachuri* is a procedural rule. . . .not retroactively applicable to cases on collateral review.

*Id.* at 559-60.

Because the *Simmons* analysis is merely an extension of the Supreme Court's ruling in *Carachuri-Rosendo*, *Simmons* is also a procedural rule that cannot apply retroactively to cases on collateral review. As such, Wade cannot rely on *Simmons* to render his § 2255 claims timely under any subsection of § 2255(f), nor can he rely on its holding as a ground for collateral relief under § 2255 itself.

For the stated reasons, Claim (1), Wade's *Simmons* claim, is both time barred under § 2255(f) and not subject to consideration under § 2255. Claim (2) is also time barred, unless Wade has demonstrated grounds for equitable tolling of the § 2255(f) limitation period.

The statutory limitations period under § 2255(f), may be tolled for equitable reasons. *See, e.g., United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (applying equitable tolling to § 2255 motion); *Holland v. Florida*, 130 S. Ct. 2549,

2560 (2010) (finding same as to similar limitation period in 28 U.S.C.A. § 2244(d) for habeas petitions challenging state convictions). To warrant equitable tolling, the defendant must show two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The defendant has the burden to show entitlement to equitable tolling. *Holland*, 130 S. Ct. at 2562.

Wade fails to make either of the factual showings necessary to apply equitable tolling as to his ineffective assistance claim. Waiting more than eight years after the judgment to file a § 2255 motion does not support a finding of due diligence, and Wade offers no evidence that any extraordinary circumstance outside his own control prevented him from bringing this claim in a timely manner. Therefore, I cannot find that equitable tolling is warranted and grant the motion to dismiss as to Claim (2).

III

In conclusion, Wade's § 2255 motion is untimely under § 2255(f), and he fails to demonstrate grounds for equitable tolling. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: January 17, 2013

/s/ James P. Jones
United States District Judge